## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| HENRY TANAYA SIA and THERESIA TANAYA SONG, individually, as Administrators of the estate of SOETIKNO SIA (TAN), deceased, and as Administrators of the estate of CHRISTIEN YUANITA JOU, deceased, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. |
| AIRASIA BERHAD, a corporation, HONEYWELL INTERNATIONAL, INC., a corporation, GOODRICH CORPORATION, a corporation, DANAHER CORPORATION, a corporation, and ARTUS S.A.S., a corporation, | ) ) ) ) ) ) | **PLAINTIFFS DEMAND TRIAL BY JURY** |
| Defendants. | ) | |

## COMPLAINT

NOW COME Plaintiffs, Henry Tanaya Sia and Theresia Tanaya Song, individually, as Administrators of the estate of Soetikno Sia (Tan), deceased, and as Administrators of the estate of Christien Yuanita Jou, deceased, and for their Complaint against Defendants, AirAsia Berhad, Honeywell International, Inc., Goodrich Corporation, Danaher Corporation, and Artus, S.A.S., and each of them, state as follows:

## JURISDICTION AND VENUE

1.      This action seeks compensation for damages arising from the wrongful death of Plaintiffs' decedents, Soetikno Sia (Tan) and Christien Yuanita Jou, and each of them, suffered while passengers on board an aircraft operated AirAsia Flight 8501 on December 28, 2014.

2.      Original jurisdiction exists in the District Courts of the United States pursuant to 28 U.S.C. § 1369, commonly known as the Multiparty, Multiforum Jurisdiction Act.

Jones Legal Group, LLC
1200 Fifth Ave., Ste. 625
Seattle, Washington  98101
cjones@joneslegalgroup.net
(206) 596-7878

3.      Venue exists in this District pursuant to 28 U.S.C. § 1391(b) as the Defendants, and each of them, reside in this district and/or substantial part of the events or omission giving rise to the claims occurred in this district and/or one or more of the defendants may be found in this district and there is no other district in which the action may be otherwise brought.

## COMMON ALLEGATIONS OF FACT

1.      Plaintiffs, Henry Tanaya Sia and Theresia Tanaya Song, each reside in King County, Washington and are permanent residents of the United States of America.

2.      Plaintiffs, Henry Tanaya Sia and Theresia Tanaya Song, are the children of Soetikno Sia (Tan) and Christien Yuanita Jou, each now deceased.

3.      Plaintiffs, Henry Tanaya Sia and Theresia Tanaya Song, are the Administrators of the estate of Soetikno Sia (Tan), deceased, pursuant to appointment by the Superior Court of King County, Washington (*See* Exhibit A; Letters of Administration)

4.      Plaintiffs, Henry Tanaya Sia and Theresia Tanaya Song, are the Administrators of the estate of Christien Yuanita Jou, deceased, pursuant to appointment by the Superior Court of King County, Washington (*See* Exhibit B; Letter so f Administration).

5.      Plaintiffs, Henry Tanaya Sia and Theresia Tanaya Song, are the heirs, real parties of interest, and are further acting in a representative capacity in this action on behalf of their deceased parents, Soetikno Sia (Tan) and Christien Yuanita Jou.

6.      On December 28, 2014, Soetikno Sia (Tan) and Christien Yuanita Jou, were passengers aboard an aircraft, to wit: Airbus Model A320, serial number 3648 (hereinafter "accident aircraft"), which was then being operated by PT. Indonesia AirAsia on a scheduled flight from Juanda International Airport Surabaya, Indonesia to Changi International Airport, Singapore.

PLAINTIFFS COMPLAINT - 2

7.     On December 28, 2014, at approximately 6:17 a.m. local time, the aforesaid aircraft deviated from controlled flight and thereafter crashed into the waters of the Java Sea, killing all persons on board the aircraft, including Plaintiffs' decedents, Soetikno Sia (Tan) and Christien Yuanita Jou.

## COUNT I – AIRASIA BERHAD

1-7.     Plaintiffs incorporate and allege paragraphs 1 through 7 of the Common Allegations of Fact, above, as and for paragraphs 1 through 7, inclusive of Count I as though fully set forth herein.

8.     On December 28, 2014 and at all times herein relevant, Defendant, AirAsia Berhad, was and continues to be incorporated under the laws of Malaysia (company number 284669-W), with its principal place of business in Malaysia.

9.     On December 28, 2014, and all times herein relevant, Defendant, AirAsia Berhad transacted and continues to transact substantial business in the State of Washington and this District, including but not limited to: transacting business with Akamai Technologies, Inc., which further includes hosting www.airasia.com , the commercial website of Defendant, AirAsia Berhad, at an IP address of 23.74.60.99 located on a dedicated server in Seattle, Washington; engaging in a joint venture with Expedia, Inc. in Bellevue, Washington which is held out to be a "joint venture between the world's leading low cost airline and the world's largest travel company;" and engaging in numerous other commercial transactions with companies located within the State of Washington including The Boeing Company; all of which gives rise to minimum contacts sufficient to permit this District Court to confer personal jurisdiction over Defendant, AirAsia Berhad, in accordance with due process requirements of the Constitution of the United States of America.

Jones Legal Group, LLC
1200 Fifth Ave., Ste. 625
Seattle, Washington  98101
cjones@joneslegalgroup.net
(206) 596-7878

10.     On December 28, 2014 and for some time prior thereto, Defendant, AirAsia Berhad had a written Maintenance Agreement with PT. Indonesia AirAsia, which included a computerized system, AMOS, through which Defendant, Air Asia Berhad reviewed and evaluated maintenance records and information, including the following maintenance  records and information for the accident aircraft: PIREPS, Technical logs, Maintenance Work sheets, Workshop reports, Reports on functional checks or special inspections; Store Issues /Reports (e.g. Spare consumption); Occurrence Reports; Repetitive Defects; and information from other sources (e.g. ETOPS, RVSM, ILS CAT I/II).

11.     On December 28, 2014 and for some time prior thereto, Defendant, AirAsia Berhad, by written or oral agreement and for compensation, undertook to: measure, monitor and control aircraft fleet performance and effectiveness of PT. Indonesia AirAsia's maintenance program; manage a system for PT. Indonesia AirAsia that provided continuous monitoring, problem alerting and analysis, and corrective actions; and supported the Maintenance Reliability Program of PT. Indonesia AirAsia through technical data collection and analysis, monthly reliability reports, and participation in quarterly Maintenance Review Board meetings.

12.     On December 28, 2014 and for some time prior thereto, Defendant, AirAsia Berhad, further managed the airworthiness compliance and safe operating condition of the aircraft operated by PT. Indonesia AirAsia, including the accident aircraft, through acts including: monitoring Airworthiness Directives issued by the U.S. Federal Aviation Administration and the European Air Safety Administration; performing assessment reviews of Airworthiness Directives and Service Bulletins; issuing Engineering Instruction (EI) to PT. Indonesia AirAsia related to Airworthiness Directives;  providing documentation to PT. Indonesia AirAsia to implement certain

PLAINTIFFS COMPLAINT - 4

Service Bulletins; and ensuring that such work to comply with Airworthiness Directives and Service Bulletins were performed.

13.     On December 28, 2014 and at all times relevant herein, it was the duty of Defendant, AirAsia Berhad, to exercise reasonable care in its conduct so as not to cause injury to others including the persons of Soetikno Sia (Tan) and Christien Yuanita Jou, and each of them.

14.     On December 28, 2014, Defendant, AirAsia Berhad, breached its duty of care to Soetikno Sia (Tan) and Christien Yuanita Jou, and each of them, through one or more of the following acts and/or omissions:

(a)     negligently and carelessly failed to properly and adequately manage maintenance and/or perform maintenance on the accident aircraft and its component parts;

(b)     negligently and carelessly failed to properly and adequately measure, monitor and control the performance of the accident aircraft and its component parts;

(c)     negligently and carelessly failed to inform PT. Indonesia AirAsia of dangerous and unsafe conditions existing on the accident aircraft;

(d)     negligently and carelessly failed to repair or instruct PT Indonesia AirAsia in the repair of  dangerous and unsafe conditions existing on the accident aircraft;

(e)     negligently and carelessly failed to properly and adequately manage the airworthiness compliance and safe operating condition of the accident aircraft; and/or

(f)     negligently and carelessly acted or failed to act in other particulars to be determined through discovery herein.

15.     On December 28, 2014, as a direct and proximate result of the breach of duty by Defendant, AirAsia Berhad, the accident aircraft on which Soetikno Sia (Tan) and Christien

Jones Legal Group, LLC
1200 Fifth Ave., Ste. 625
Seattle, Washington  98101
cjones@joneslegalgroup.net
(206) 596-7878

Yuanita Jou were passengers was caused to and did deviate from controlled flight and crashed into the international waters of the Java Sea, further causing Soetikno Sia (Tan) and Christien Yuanita Jou, and each of them, to suffer bodily injuries resulting in their deaths.

16.    Plaintiffs' decedents, Soetikno Sia (Tan) and Christien Yuanita Jou, each left surviving certain children for whose benefit this action is brought.

17.    That as a result of the wrongful deaths of Plaintiffs' decedents, Soetikno Sia (Tan) and Christien Yuanita Jou, and each of them, the children of Plaintiffs' decedents, and each of them, have suffered pecuniary and non-pecuniary damages including but not limited to loss of their financial support and contributions, loss of inheritance, loss of the their household services, loss of their nurture, instruction, guidance and physical, intellectual and moral training, and loss of their care, comforting and companionship.

18.    This action is brought pursuant to 46 U.S.C. § 30301, et seq., commonly known as the "Death on the High Seas Act" and/or other applicable law.

WHEREFORE Plaintiffs, Henry Tanaya Sia and Theresia Tanaya Song, individually, as Administrators of the estate of Soetikno Sia (Tan), deceased, and as Administrators of the estate of Christien Yuanita Jou, deceased, pray that judgment be entered in their favor and against Defendant, AriAsia Berhad, in an amount in excess of seventy-five thousand dollars ($75,000.00) exclusive of attorney fees and the costs of this action.

## COUNT II - HONEYWELL

1-7.    Plaintiffs incorporate and allege paragraphs 1 through 7 of the Common Allegations of Fact, above, as and for paragraphs 1 through 7, inclusive of Count II as though fully set forth herein.

PLAINTIFFS COMPLAINT - 6

Jones Legal Group, LLC
1200 Fifth Ave., Ste. 625
Seattle, Washington  98101
cjones@joneslegalgroup.net
(206) 596-7878

8.      Defendant, Honeywell International, Inc., ("Honeywell") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of New Jersey, and which maintains a registered corporate agent in the State of Washington.

9.      On a date prior to December 28, 2014, Defendant, Honeywell, designed, manufactured, assembled and sold certain products known as air data inertial reference units ("ADIRUs") which were in place on in the accident aircraft on December 28, 2014.

10.      At the time the ADIRUs in the accident aircraft left the custody and control of Defendant, Honeywell, they were defective and unreasonably dangerous in one or more of the following particulars:

(a)      the ADIRUs provided erroneous data and spurious signals, including, but not limited to, erroneous data and spurious signals concerning the accident aircraft's air speed and angle of attack, to the accident aircraft's flight control computers;

(b)      the ADIRUs failed to filter out erroneous data and spurious signals, including, but not limited to, erroneous data and spurious signals concerning the accident aircraft's air speed and angle of attack;

(c)      the ADIRUs in the accident aircraft did not have adequate protection against electromagnetic interference; and/or

(d)      the ADIRUs in the accident aircraft failed to contain any warnings of the above described defects.

11.      As the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the ADIRUs, the accident aircraft on which Soetikno Sia (Tan) and Christien Yuanita Jou were passengers was caused to and did deviate from controlled flight and crashed into the international waters of the Java Sea, further causing Soetikno Sia (Tan) and Christien Yuanita Jou, and each of them, to suffer bodily injuries resulting in their deaths.

PLAINTIFFS COMPLAINT - 7

12.     Plaintiffs' decedents, Soetikno Sia (Tan) and Christien Yuanita Jou, each left surviving certain children for whose benefit this action is brought.

13.     That as a result of the wrongful deaths of Plaintiffs' decedents, Soetikno Sia (Tan) and Christien Yuanita Jou, and each of them, the children of Plaintiffs' decedents, and each of them, have suffered pecuniary and non-pecuniary damages including but not limited to loss of their financial support and contributions, loss of inheritance, loss of the their household services, loss of their nurture, instruction, guidance and physical, intellectual and moral training, and loss of their care, comforting and companionship.

14.     This action is brought pursuant to 46 U.S.C. § 30301, et seq., commonly known as the "Death on the High Seas Act" and/or other applicable law.

WHEREFORE Plaintiffs, Henry Tanaya Sia and Theresia Tanaya Song, individually, as Administrators of the estate of Soetikno Sia (Tan), deceased, and as Administrators of the estate of Christien Yuanita Jou, deceased, pray that judgment be entered in their favor and against Defendant, Honeywell International, Inc., in an amount in excess of seventy-five thousand dollars ($75,000.00) exclusive of attorney fees and the costs of this action.

## <u>COUNT III - GOODRICH</u>

1-7.     Plaintiffs incorporate and allege paragraphs 1 through 7 of the Common Allegations of Fact, above, as and for paragraphs 1 through 7, inclusive of Count III as though fully set forth herein.

8.     Defendant, Goodrich Corporation, ("Goodrich") is a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of North Carolina, which maintains a corporate registered agent in the State of Washington.

PLAINTIFFS COMPLAINT - 8

9.      On a date prior to December 28, 2014 Defendant, Goodrich, designed, manufactured, assembled and sold the in-flight ice detection system and the servo valve on the yaw damper for the accident aircraft.

10.     At the time the in-flight ice detection system and servo valve for the yaw damper on the accident aircraft, and each of them, left the control of Defendant, Goodrich, they were defective and unreasonably dangerous in one or more of the following particulars:

(a)      the ice detection system failed to detect and warn of the accumulation of ice in critical parts of the aircraft, including, but not limited to, the engines;

(b)      the servo valve for the yaw damper was subject to failure, resulting in a loss of control of the aircraft; and

(c)      in-flight ice detection system and servo valve for the yaw damper failed to contain any warnings of the above described defects.

11.     As the direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of the in-flight ice detection system and servo valve for the yaw damper on the accident aircraft, and each of them, the accident aircraft on which Soetikno Sia (Tan) and Christien Yuanita Jou were passengers was caused to and did deviate from controlled flight and crashed into the international waters of the Java Sea, further causing Soetikno Sia (Tan) and Christien Yuanita Jou, and each of them, to suffer bodily injuries resulting in their deaths.

12.     Plaintiffs' decedents, Soetikno Sia (Tan) and Christien Yuanita Jou, each left surviving certain children for whose benefit this action is brought.

13.     That as a result of the wrongful deaths of Plaintiffs' decedents, Soetikno Sia (Tan) and Christien Yuanita Jou, and each of them, the children of Plaintiffs' decedents, and each of them, have suffered pecuniary and non-pecuniary damages including but not limited to loss of

Jones Legal Group, LLC
1200 Fifth Ave., Ste. 625
Seattle, Washington  98101
cjones@joneslegalgroup.net
(206) 596-7878

their financial support and contributions, loss of inheritance, loss of the their household services, loss of their nurture, instruction, guidance and physical, intellectual and moral training, and loss of their care, comforting and companionship.

14.     This action is brought pursuant to 46 U.S.C. § 30301, et seq., commonly known as the "Death on the High Seas Act" and/or other applicable law.

WHEREFORE Plaintiffs, Henry Tanaya Sia and Theresia Tanaya Song, individually, as Administrators of the estate of Soetikno Sia (Tan), deceased, and as Administrators of the estate of Christien Yuanita Jou, deceased, pray that judgment be entered in their favor and against Defendant, Goodrich Corporation, a corporation, in an amount in excess of seventy-five thousand dollars ($75,000.00) exclusive of attorney fees and the costs of this action.

## COUNT IV

## DANAHER CORPORATION and ARTUS, S.A.S.

1-7.     Plaintiffs incorporate and allege paragraphs 1 through 7 of the Common Allegations of Fact, above, as and for paragraphs 1 through 7, inclusive of Count IV as though fully set forth herein.

8.     Defendant, Danaher Corporation, is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the Washington, District of Columbia, and which maintains a registered corporate agent in the State of Washington.

9.     Defendant, Artus, S.A.S., is a legal entity existing under the laws of France which was a wholly owned subsidiary of Defendant, Danaher Corporation, during the period of at least December 31, 2006 through December 31, 2010.

PLAINTIFFS COMPLAINT - 10

10.     On certain dates prior to December 28, 2014, Defendants, Danaher Corporation and

Artus S.A.S., individually, as principal-agent, and/or as a joint enterprise designed, manufactured,

assembled and/or sold certain products known as rudder travel limiter units ("RTLUs") which

were in place as component parts of the accident aircraft on December 28, 2014.

11.     At the time the RTLUs then and there in place on the accident aircraft left the

custody and control of Defendants Danaher Corporation and Artus S.A.S., and each of them, they

were defective and unreasonably dangerous in one or more of the following respects, among other

defects:

(a)     the RTLUs had cracked solder connections, resulting in loss of electrical
continuity and causing intermittent failures of the RTLU;

(b)     the RTLUs were subject to failure, causing an uncommanded pitch of the
accident aircraft, and had failed prior to the subject crash;

(c)     the RTLUs lacked proper and adequate instructions related to their use,
inspection, and maintenance;

(d)     the RTLUs in the accident aircraft lacked proper and adequate warnings of
their defective and unreasonably dangerous condition; and/or

(e)     the RTLUs were defective and unreasonably dangerous in particulars to be
determined through discovery herein.

12.     As the direct and proximate result of one or more of the aforesaid defective and

unreasonably dangerous conditions in the RTLUs in the accident aircraft, the accident aircraft on

which Soetikno Sia (Tan) and Christien Yuanita Jou were passengers was caused to and did deviate

from controlled flight and crashed into the international waters of the Java Sea, further causing

Soetikno Sia (Tan) and Christien Yuanita Jou, and each of them, to suffer bodily injuries resulting

in their deaths.

Jones Legal Group, LLC
1200 Fifth Ave., Ste. 625
Seattle, Washington  98101
cjones@joneslegalgroup.net
(206) 596-7878

13.     Plaintiffs' decedents, Soetikno Sia (Tan) and Christien Yuanita Jou, each left surviving certain children for whose benefit this action is brought.

14.     That as a result of the wrongful deaths of Plaintiffs' decedents, Soetikno Sia (Tan) and Christien Yuanita Jou, and each of them, the children of Plaintiffs' decedents, and each of them, have suffered pecuniary and non-pecuniary damages including but not limited to loss of their financial support and contributions, loss of inheritance, loss of the their household services, loss of their nurture, instruction, guidance and physical, intellectual and moral training, and loss of their care, comforting and companionship.

15.     This action is brought pursuant to 46 U.S.C. § 30301, et seq., commonly known as the "Death on the High Seas Act" and/or other applicable law.

WHEREFORE Plaintiffs, Henry Tanaya Sia and Theresia Tanaya Song, individually, as Administrators of the estate of Soetikno Sia (Tan), deceased, and as Administrators of the estate of Christien Yuanita Jou, deceased, pray that judgment be entered in their favor and against Defendants, Danaher Corporation and Artus S.A.S., and each of them, in an amount in excess of seventy-five thousand dollars ($75,000.00) exclusive of attorney fees and the costs of this action.


DATED this 1st day of November, 2016.

Respectfully Submitted,

JONES LEGAL GROUP, LLC


_____*s/Cynthia B. Jones*_____
CYNTHIA B. JONES
WSBA No. 38120
Attorney for Plaintiffs


PLAINTIFFS COMPLAINT - 12