# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

HENRY TANAYA SIA, et al.,

        Plaintiffs,

  v.

AIRASIA BERHAD, et al.,

        Defendants.

C16-1692 TSZ

ORDER

THIS MATTER comes before the Court on defendant Artus S.A.S's ("Artus"), and defendant AirAsia Berhad's (collectively "defendants"), motions to dismiss for lack of personal jurisdiction, docket nos. 50, 58. Having reviewed the motions and all relevant filings, the Court enters the following Order.[1]

**Background**

This case arises from the tragic December 28, 2014, crash of an Airbus A320 airplane operating as AirAsia Flight 8501 ("Flight 8501"). Complaint, docket no. 1, Common Allegations of Fact ¶ 6. In the early morning on December 28, Flight 8501

---

[1] Plaintiffs filed no opposition to defendant Artus's motion. Pursuant to LCR 7(b)(2) "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the Court as an admission that the motion has merit." Local Civil Rule 7(b)(2). The Court considers plaintiffs' failure to respond to Artus's motion to be an admission that the motion has merit. With regard to AirAsia Berhad's motion, plaintiffs' filed a response on April 19, 2017, well after the March 31, 2017, noting date. LCR 7(d)(3) requires that "papers" in opposition to a motion to dismiss "be filed and served not later than the Monday before the noting date." Local Civil Rule 7(d)(3). Plaintiffs' counsel should review Local Civil Rule 7(d) to ensure that in the future, counsel are apprised of the deadlines for filing an opposition to another party's motion. In any case, the Court separately addresses the merits of both defendants' motions as well as the single argument raised in plaintiffs' late-filed response.

ORDER - 1

crashed into the Java Sea while carrying passengers from Indonesia to Singapore, killing everyone on board. Complaint, Common Allegations of Fact at ¶¶ 6-7. None of the passengers or crew were United States citizens. Decl. of Paul Devaux, docket no. 51, ¶ 25.

Plaintiffs in this action are the children of passengers Soetikno Sia and Christien Yuanita Jou and the Administrators of their estates. Complaint, Common Allegations of Fact at ¶¶ 2-3. Plaintiffs filed this multi-defendant action in federal court pursuant to 28 U.S.C. § 1369, commonly known as the Multiparty, Multiforum Jurisdiction Act. Complaint, Jurisdiction and Venue at ¶ 2.

**A. Defendant Artus**

Plaintiffs allege that the cause of the fatal crash was, in part, a defective Rudder Travel Limiter Unit ("RTLU") manufactured, assembled, designed, and sold by Artus and defendant Danaher Corporation "individually as principal-agent, and/or as a joint enterprise." Complaint, Count IV at ¶ 10-12. Artus is a legal entity organized under the laws of France with its headquarters and principal place of business in Avrillè, France. Devaux Decl. at ¶ 4. The allegedly defective RTLU installed on Flight 8501 was manufactured by Artus in France in May of 2008 and sold to Airbus in Toulouse, France the same month. *Id.* at 19, 21-22.

Artus does not maintain offices or own or rent any real property, maintain bank accounts, or hold any other type of asset in the United States. *Id.* at 8-9, 11. Artus does not pay taxes or manufacture products in the United States nor is it authorized to do business in the United States. *Id.* at 11-12, 14. All sales of Artus's products are made in France and only a small portion of Artus's global sales revenue, approximately 10.8%, is

derived from products ultimately delivered to customers in the United States. *Id.* at 15. Artus has no agent for service of process in the United States, and it has no ownership interest in any United States-based company. *Id.* at 13-14.

### B. Defendant AirAsia

Flight 8501 was operated by PT Indonesia AirAsia, a partially owned affiliate of AirAsia Berhad. Decl. of Amir Faezal Zakaria, docket no. 60, ¶ 22. Plaintiffs allege that AirAsia Berhad breached its duty of care to Soetikno Sia and Christien Yuanita Jou by failing to adequately maintain, monitor, and repair the Airbus A320 aircraft operated by its affiliate and/or to instruct PT Indonesia AirAsia to repair the "dangerous and unsafe" condition of the airplane. Complaint, Count I at ¶ 14-15. PT Indonesia AirAsia is organized under Indonesian law with its principal place of business in Indonesia. Zakaria Decl. at ¶ 23. AirAsia Berhad is organized under Malaysian Law with its principal place of business in Malaysia. *Id.* at ¶ 5. Neither AirAsia Berhad nor PT Indonesia AirAsia operated flights to the United States during the time period relevant to this litigation. *Id.* at ¶¶ 6, 25.

Like Artus, neither AirAsia Berhad nor PT Indonesia AirAsia have offices or own property in the United States. *Id.* at ¶¶ 8, 12, 26-27. And neither airline has paid taxes, is registered to do business, or has employees or a registered agent in the United States. *Id.* at ¶¶ 9-12, 27, 29-31.

## Discussion

### A. Legal Standard

When a defendant invokes Federal Rule of Civil Procedure 12(b)(2) in a motion to dismiss for lack of personal jurisdiction and the Court holds no evidentiary hearing, the

ORDER - 3

plaintiff need only make a prima facie showing of personal jurisdiction. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir. 2003). Though a plaintiff generally cannot rest on the bare allegations of its complaint, uncontroverted allegations must be taken as true. *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). The Court should resolve factual disputes in the plaintiff's favor, but may not assume the truth of allegations in a pleading which are contradicted by affidavit. *Id.*

**B. Analysis**

Where, as here, a federal statute confers nationwide service of process,[2] whether a court may exercise personal jurisdiction depends upon whether the party has sufficient contacts with the United States as a whole, rather than any particular state. *See Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1315-16 (9th Cir. 1985); *see also Siswanto v. Airbus Americas, Inc.*, No. 15-CV-5486, 2016 WL 7178459, at *4 (N.D. Ill. December 9, 2016).

The Due Process Clause of the United States Constitution prohibits the exercise of personal jurisdiction over a non-resident defendant unless the defendant has sufficient "minimum contacts" with the forum such that the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 320 (1945). Depending on the strength of those contacts, courts recognize two types of personal jurisdiction: general and specific.

---

[2] AirAsia Berhad and Artus were served pursuant to 28 U.S.C. § 1697, which authorizes nationwide service of process in cases brought under the Multiparty, Multiforum Jurisdiction Act, 28 U.S.C. § 1369.

ORDER - 4

*Bancroft & Masters, Inc. v. August Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2002). A defendant with "substantial" or "continuous and systematic" contacts with the forum is subject to general jurisdiction, and can be haled into court in any action, even one unrelated to its contacts in the forum. *Id.* Specific jurisdiction on the other hand is tethered to a relationship between the forum and the claim, and depends upon an "affiliation between the forum and the underlying controversy." *Goodyear Dunlop Tires Operations, S.A. v.* Brown, 131 S. Ct. 2846, 2851 (2011); *see also Holland Am. Line, Inc. v. Warsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007). Here, as discussed below, plaintiffs have failed to make a *prima facie* showing sufficient to establish either general or specific jurisdiction over defendants Artus and AirAsia Berhad.

### 1. General Jurisdiction

Outside of exceptional circumstances showing that a foreign corporation is "essentially at home in the forum," general jurisdiction over a corporation is limited to its place of incorporation or principal place of business. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 761 n. 19 (2014). Artus and AirAsia Berhad are foreign entities with principal places of business outside the United States and neither has sufficient contacts with the United States to render them "essentially at home" here.[3] *See Daimler*, 134 S. Ct. at 758

---

[3] Plaintiffs' allegations that "Artus S.A.S. was a wholly owned subsidiary of Defendant, Danaher Corporation" and that Danaher Corporation and Artus "individually as principal-agent, and/or as a joint enterprise" designed, manufactured, assembled and/or sold the allegedly defective RTLU are insufficient to impute Danaher's jurisdictional contacts to Artus. In the context of "'imputed' general jurisdiction," the Ninth Circuit has held that a parent corporation's jurisdictional contacts may be imputed to a subsidiary only if the two entities are "alter ego[s]." *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1071-72 (9th Cir. 2015). To satisfy the alter ego test, a plaintiff "must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." *Id.* at 1072 (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001). Plaintiff has not alleged facts sufficient to satisfy either prong of the alter ego test.

ORDER - 5

n. 11; *see also Siswanto*, 2016 WL7178459, at *5-8. General jurisdiction calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide, and any determination of whether a corporation's contacts with a particular forum are sufficiently "continuous and systematic" must be evaluated in that context. *See Daimler*, 134 S. Ct. at 761-62 & n. 20. A corporation "that operates in many places can scarcely be deemed at home in all of them." *Id.* at 762 n. 20.

Artus and AirAsia Berhad are organized under foreign law, conduct business outside the United States, serve a primarily foreign constituency, and derive only a small fraction of their global revenue from U.S. customers. The minimal contacts plaintiffs allege Artus and AirAsia Berhad have with the United States are not so continuous and systematic "that it would be fundamentally fair" to require them to answer "in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *See Siswanto*, 2016 WL 7178459, at *4 (emphasis in original) (quoting *Purdue Research Foun. V. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003)); *see also Schwarzenegger*, 374 F.3d 807 (holding that general jurisdiction must be premised on "continuous and systematic general business contacts" that "approximate physical presence" in the forum such that the Corporation can be sued there for any act it has committed anywhere in the world). As in *Daimler*, an exercise of general jurisdiction over either Artus or AirAsia Berhad "would scarcely permit [non-resident] defendants 'to structure their primary conduct with some minimum assurance as to where that conduct

will and will not render them liable to suit.'"[4]  *Daimler*, 134 S Ct. 746 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

### 2. Specific Jurisdiction

Courts in the Ninth Circuit apply a three-part test to determine whether an alleged tortfeasor has sufficient forum-related contacts for a Court to exercise specific jurisdiction:  (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; (2) the claim must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice.  *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  A lawsuit "arises out of or relates to" a defendant's contacts with the forum state if "a direct nexus exists between those contacts and the cause of action."  *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 742 (9th Cir. 2013).  The plaintiff has the burden of proving the first two prongs of the test.  *Picot*, 780 F.3d at 1211.  If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum.  *Schwarzenegger*, 374 F.3d at 802.

---

[4] Plaintiffs' late-filed response advances a single argument:  that AirAsia Berhad is subject to general jurisdiction because its website, airasia.com, through which AirAsia Berhad solicits customers and accepts reservations and payments for tickets and ancillary services, is hosted on a server owned by Akami Technologies Inc. in Seattle, Washington.  District courts in this circuit, however, have squarely rejected the argument that server location within the forum can constitute a basis for the exercise of general jurisdiction.  *See Pfister v. Selling Source, LLC*, 931 F. Supp. 2d 1109, 1115-16 (D. Nevada 2013); *see also Man-D-Tec, Inc. v. Nylube Products Co., LLC*, No. CV-11-1573-PHX-GMS, 2012 WL 1831521, at *2 (D. Ariz. May 18, 2012) (citing *Chang v. Virgin Mobile*, 2009 WL 111570, at *3 (N.D. Tex. Jan. 16, 2009)).

ORDER - 7

### a. Defendant Artus

With regard to Artus, plaintiffs cannot establish specific jurisdiction because their claims do not arise out of or relate to any of Artus's forum-related activity. Plaintiffs allege that Artus is liable for their injuries because it "designed, manufactured, assembled and/or sold" the RTLU that allegedly failed and resulted in the crash. None of this activity, however, occurred in the United States or involved a transaction with a forum resident. Artus designed, manufactured, and sold the allegedly defective RTLU to Airbus S.A.S. ("Airbus"), a French entity, in France. Devaux Decl. at ¶ 18-19, 21. Plaintiffs' allegations fail to establish any causal connection between any of Artus's actual forum-related contacts, such as products delivered to customers in the United States or its single U.S.-based employee,[5] and an aircraft accident involving an aircraft originating in Indonesia and operated by a domestic Indonesian airline that crashed into Indonesian waters.

### b. Defendant AirAsia Berhad

As with Artus, plaintiffs cannot establish specific jurisdiction over AirAsia Berhad because their claims do not arise out of or relate to forum-related activity undertaken by AirAsia Berhad. The sole allegations concerning AirAsia's jurisdictional contacts with the United States provide that AirAsia Berhad (1) conducts business with Akamai Technologies, Inc., including hosting of AirAsia Berhad's website on a dedicated server in Seattle, Washington; (2) engaged in a joint venture with Expedia, Inc. in Bellevue, Washington; and (3) engaged in numerous other commercial transactions with companies

---

[5] Artus's United States based employee is a sales representative who works out of his home in Virginia. Devaux Decl. at ¶ 16. This employee has no involvement with the sales of RTLUs. *Id.* at ¶ 19.

located within the State of Washington. Complaint, Count I at ¶ 9. But plaintiffs' complaint draws no nexus between any of these activities and an alleged breach of AirAsia Berhad's duty to maintain, repair, and supervise PT Indonesia AirAsia's operation of an aircraft involved in a Crash occurring halfway around the world. Without allegations connecting AirAsia Berhad's alleged negligence to its forum-related activities, plaintiffs have failed to demonstrate the "direct nexus" required to support specific jurisdiction over AirAsia Berhad. *See Faalele v. Sinapore Technologies Marine, Ltd.*, No. 14-CV-2321-H (KSC), 2016 WL 6330585, at *7 n. 12 (S.D. Cal. Jan. 28, 2016) (noting that contacts with a particular forum are irrelevant for the purposes of determining specific jurisdiction absent a "direct nexus" between those contacts and the cause of action at issue).

**Conclusion**

For the foregoing reasons, defendant Artus's and defendant AirAsia Berhad's motions to dismiss for lack of personal jurisdiction, docket nos. 50, 58, are GRANTED and plaintiffs' claims against defendant Artus and defendant AirAsia Berhad are DISMISSED without prejudice.

IT IS SO ORDERED.

Dated this 20th day of April, 2017.

*[signature: Thomas S. Zilly]*

Thomas S. Zilly
United States District Judge